## Miller v. Clearfield Borough, Appellant.

*Negligence—Boroughs—Depression in street—Case for jury.*

In an action by an elderly woman to recover damages for personal injuries sustained as the result of a fall in a depression in a street, the case is for the jury, where the evidence tends to show that at the time of the accident water had gathered in the depression and had frozen, that the icy surface was temporarily concealed from view by a slight fall of snow, and that the depression had been caused by the laying of a sewer by the borough some months before the accident.

Argued Oct. 27, 1916. Appeal, No. 313, Oct. T., 1916, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1914, No. 39, on verdict for plaintiff in case of Rebecca Miller v. Clearfield Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for personal injuries. Before BALDRIGE, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $777.14. De-fendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*John M. Urey,* for appellant.

*Allison O. Smith,* with him *Walter Welch,* for appel-lee.

OPINION BY HEAD, J., April 16, 1917:

The action was trespass to recover damages for per-sonal injuries resulting from a fall suffered by the plain-tiff on a street of the defendant borough.   As there was no eye witness to the accident, the plaintiff's case rested largely on her own testimony.   She was a woman ad-vanced in years, and while her testimony leaves much to be desired, nevertheless we cannot say it does not furnish a warrant for a finding that her case had been made out. The jury could find from her declarations on the witness stand there existed in the highway a depression that would gather water; that the water so gathered had been frozen and that the icy surface was temporarily con-cealed from her view by a slight fall of snow.   There was testimony to justify the inference that the depression had been caused by the laying of a sewer some months before the time of the accident and it had therefore ex-isted for a period of time long enough to affect the de-fendant borough with constructive notice of its existence.

Without attempting to review the evidence, we deem it sufficient to say a careful reading of it has convinced us the court below could not have, with propriety, declared, as matter of law, the plaintiff had been guilty of con-tributory negligence.   It consequently became the duty

of the trial judge to submit that question to the jury and this was done in a charge of which no just complaint can be made.    The assignments of error are overruled.

Judgment affirmed.